UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
            v.                 )      Cr. No. 04-10032 GAO
                               )
JOAN REYES-SANTANA             )

**GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS
AND PROPOSED VERDICT FORM**

The United States of America submits the attached jury instructions and proposed verdict form pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government reserves its right to supplement or modify these requested instructions and proposed verdict form in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  _____
     JOHN A. WORTMANN, JR.
     Assistant U.S. Attorney
     617-748-3207

## TABLE OF CONTENTS

Duties of the Jury . . . . . . . . . . . . . . . . . . . . . . 1

Nature of Indictment -- Presumption of Innocence . . . . . . . 2

Preliminary Statement of Elements of Crime . . . . . . . . . . 3

Evidence; Objections; Rulings; Bench Conferences . . . . . . . 4

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . 7

Conduct of the Jury . . . . . . . . . . . . . . . . . . . . . 8

Outline of the Trial . . . . . . . . . . . . . . . . . . . . . 11

Stipulations . . . . . . . . . . . . . . . . . . . . . . . . . 12

Variance -- Dates . . . . . . . . . . . . . . . . . . . . . . 13

Direct and Circumstantial Evidence . . . . . . . . . . . . . . 14

Reasonable Consideration . . . . . . . . . . . . . . . . . . . 16

Use of Tapes and Transcripts . . . . . . . . . . . . . . . . .17

Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . 18

Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Motive . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . .22

Elements of Conspiracy . . . . . . . . . . . . . . . . . . . . 23

Existence of a Conspiracy . . . . . . . . . . . . . . . . . . 24

Membership in the Conspiracy . . . . . . . . . . . . . . . . . 27

Stake in the Outcome . . . . . . . . . . . . . . . . . . . . . 30

Duration and Drug Quantity . . . . . . . . . . . . . . . . . . 32

Duration . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Termination . . . . . . . . . . . . . . . . . . . . . . . . . .36

Withdrawal  . . . . . . . . . . . . . . . . . . . . . . .  37

Drug Weight for the Conspiracy as a Whole . . . . . . . . .  38

Drug Weight Attributable to the Defendant . . . . . . . . .  40

Distribution of Heroin  . . . . . . . . . . . . . . . . . .  42

Acts and Declarations of Co-Conspirators  . . . . . . . . .  43

Expert Witness  . . . . . . . . . . . . . . . . . . . . . .  45

Submitting the Indictment . . . . . . . . . . . . . . . . .  47

Punishment  . . . . . . . . . . . . . . . . . . . . . . . .  48

Foreperson's Role; Unanimity  . . . . . . . . . . . . . . .  49

Consideration of Evidence . . . . . . . . . . . . . . . . .  50

Reaching Agreement  . . . . . . . . . . . . . . . . . . . .  51

Return of Verdict Form  . . . . . . . . . . . . . . . . . .  53

Communication with the Court  . . . . . . . . . . . . . . .  54


Verdict Form. . . . . . . . . . . . . . . . . . . . . . . .  55

**PROPOSED INSTRUCTION: DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.

The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

1

## PROPOSED INSTRUCTION:

## NATURE OF INDICTMENT --PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney John Wortmann.  The defendant, Joan Reyes-Santana, is represented Federal Defender by Tim Watkins.

The defendant has been charged by the government with violations of federal law.  He is charged with having conspired to distribute 100 grams or more of heroin, and having also distributed heroin on three separate occasions.

The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges against him and denies committing the crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**PROPOSED INSTRUCTION:**

**PRELIMINARY STATEMENT OF ELEMENTS OF CRIME**

The defendant has been charged by the government with violations of federal law.  Specifically, he has been charged with conspiracy to distribute more than 100 grams of heroin, and with distribution of heroin on three separate dates: November 4, 2003; November 7, 2003, and January 12, 2004..

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

3

**PROPOSED INSTRUCTION:**

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and  "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that

is, it is proof of one or more facts from which one can find or
infer another fact.  You may consider both direct and
circumstantial evidence.  The law permits you to give equal
weight to both, but it is for you to decide how much weight to
give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**PROPOSED INSTRUCTION: CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**PROPOSED INSTRUCTION: CONDUCT OF THE JURY**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to

8

you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## PROPOSED INSTRUCTION: OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so. I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

10

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**PROPOSED INSTRUCTION: STIPULATIONS**

Throughout the trial the parties have stipulated to facts. This means that both parties agree on the existence of those facts.  You should therefore treat those facts as having been proven.

**PROPOSED INSTRUCTION: VARIANCE -- DATES**

You will note that indictment charges that the conspiracy began "in or about" November 2003 and continued thereafter until "in or about" January 2004, and that the dates of the alleged sales of heroin took place "on or about" certain dates.  It does not matter if the indictment charges that specific acts occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, 53-12 (1990).  <u>United States v. Brody</u>, 486 F.2d 291 (8th Cir. 1973), <u>cert</u>. <u>denied</u>, 417 U.S. 949 (1974).

13

**PROPOSED INSTRUCTION: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he saw, heard or observed.  In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  Inferences are deductions

14

on conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case. In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

L. B. Sand, <u>Modern Federal Jury Instruction: Criminal</u>, ¶5-2 (1990).

15

**PROPOSED INSTRUCTION: REASONABLE CONSIDERATION**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§15.01 (3d ed. 1977).

16

**PROPOSED INSTRUCTION: USE OF RECORDINGS AND TRANSCRIPTS**

In the course of this trial, you are going to hear evidence that the government recorded conversations that it believes are relevant to the charges in this case.  Most of those conversations took place in Spanish.

In order to facilitate the presentation of these conversations to you, portions of the conversations have been transcribed and translated.  The parties have agreed that the transcriptions and translations that have been prepared are accurate.  Therefore, to enable you to consider this evidence, the transcripts will be admitted into evidence and they will be read to you.

This instruction is based on the principles set forth in United States v. Renqifo, 789 F.2d 975 (1st Cir. 1986).

17

**PROPOSED INSTRUCTION: BURDEN OF PROOF**

In this, as in every criminal case, the government has the burden of proving the defendant guilty of every essential element of the offenses charged beyond a reasonable doubt.  The government is not required, however, to prove the defendant guilty beyond all possible doubt.  Nor must the government exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt.

The burden of proof never shifts during trial.  Except as to certain specific matters that I may discuss with you at the end of the case, the law does not require a defendant to prove his innocence or to produce any evidence.

United States v. Gibson, 726 F.2d 869, 874 (1st Cir. 1984).
  United States v. Thornley, 707 F.2d 622, 625 (1st Cir. 1983).

18

**PROPOSED INSTRUCTION: INTENT**

To act with intent refers to a mental condition or state of mind.  Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there. Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances.  In this connection you may consider any actions undertaken by a defendant and any statements made by her and all other facts and circumstances in evidence which bear on the defendant's state of mind.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.13 (3d ed. 1977).

19

## PROPOSED INSTRUCTION: MOTIVE

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done. The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.11 (3d ed. 1977).

20

**PROPOSED INSTRUCTION: CONSPIRACY**

As I previously indicated to you, the first crime charged in this case is that the defendant conspired with others to distribute at least 100 grams of heroin.

A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to distribute heroin -- is independent from the crime of actually distributing heroin. The law refers to the object of the conspiracy -- in this case, the importation of cocaine -- as the substantive crime.

Joan Reyes Santana is charged with three substantive crime of distributing Heroin.  You may find the defendant guilty of conspiring to possess Heroin with intent to distribute regardless of your decision on the substantive distribution counts. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime.  This is because collective criminal activity poses a greater threat to the public's safety and welfare that individual conduct, and increases the likelihood of a particular venture.

21

**AUTHORITY:**  Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶19.01 (1993).  <u>See</u> <u>also</u>, <u>United States v. Flores-Rivera</u>, 56 F.3d 319,324 (1st Cir. 1995)(elements of conspiracy to import cocaine established, absent actual importation of cocaine, where there was knowing and voluntary participation in conspiracy, and intent to effectuate object of conspiracy), <u>citing</u>, <u>United States v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense.  A defendant need not have had the intent to personally commit the substantive crime.")

**PROPOSED INSTRUCTION: ELEMENTS OF CONSPIRACY**

In order to satisfy its burden of proof on conspiracy, the government must prove three elements beyond a reasonable doubt:

One: that the conspiracy charged in the indictment existed;

Two: that Joan Reyes Santana knowingly and intentionally joined the conspiracy; and

Three: that Joan Reyes Santana intended that the distribution of Heroin be accomplished.

**PROPOSED INSTRUCTION:  EXISTENCE OF A CONSPIRACY**

To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the Indictment.  In Count One, the unlawful purpose or object charged was to possess Heroin with intent to distribute.

A conspiracy is an agreement, spoken or unspoken.  A conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

The government must prove beyond a reasonable doubt that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.  That is, the evidence must show beyond a reasonable doubt that the defendant and at least one other in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

In order for you to find that a conspiracy existed, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or

24

writing, what their scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  It is sufficient if an agreement is shown by conduct, by a wink, a nod, a handshake, or by a silent understanding to share a purpose to violate the law.[1]

A conspiracy is, by its very nature, usually secret in its origin and in its execution.  Therefore, what the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members in some way or manner, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.  In essence, there must have been an agreement.

Since a conspiracy is by its very nature often secret, neither the existence of the common agreement or scheme, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from circumstantial evidence.[2] The common purpose or plan may be inferred from the course of the

---

[1] United States v. Sepulveda, 15 F.3d at 1173 ("There are no particular formalities that attend this showing:  the agreement may be express or tacit and may be proved by direct or circumstantial evidence.");  United States v. Pallindo, 203 F.Supp. 35, 37 (D.Mass.1962) ("An agreement may be shown by conduct, by a wink or a nod, by a silent understanding to share a purpose to violate the law").

[2] United States v. O'Campo, 973 F.2d 1015, 1019 (1st Cir. 1992) (no need for express agreement; circumstantial evidence sufficient).

dealing between a defendant and another alleged conspirator.[3]  In this regard, you may, in determining whether an agreement existed herein, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together for the accomplishment of an unlawful purpose.

The Indictment alleges that the conspiracy existed from "in or about" November, 2003 to "in or about" Jamnuary, 2004.  In determining whether Joan Reyes Santana and at least one other conspired as charged, you need not find that the conspiracy existed at the exact time or over the entire period charged.  What must be proven beyond a reasonable doubt is that the conspiracy was in existence for some period of time reasonably near the time alleged or for some portion of the period charged.[4]


**AUTHORITY:**  Adapted from 1 L. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶19-4 (1993).

---

[3]  <u>United States v. Rivera-Santiago</u>, 872 F.2d 1073, 1079 (1st. Cir. 1989), <u>cert.</u> <u>denied</u> 104 S.Ct. 3227 (1989) ("Because of the secretive nature of the crime, it is recognized that the agreement may be express or tacit.  The agreement, whether tacit or express, may be proven by circumstantial as well as express evidence.  A common purpose and plan may be inferred from a development and collocation of circumstances").

[4]  <u>United States v. Francis</u>, 916 F.2d 464, 466 (10th Cir. 1990), <u>cert. denied,</u> 500 U.S 926 (1991)(approving instruction that defendant did not have to remain a co-conspirator for more than a day to be convicted).

**PROPOSED INSTRUCTION: MEMBERSHIP IN THE CONSPIRACY**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that the Joan Reyes Santana <u>knowingly</u> and <u>intentionally</u> became a member of the conspiracy, with the intent to further the unlawful purposes of the conspiracy.

A person acts "knowingly" and "intentionally" if he acts voluntarily and not because of ignorance, mistake, accident or carelessness.[5]

Proof that a defendant simply knew about a conspiracy or was present at times or associated with members of the group is not enough, even if she approved of what was happening or did not object to it.  Mere associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, by itself, make someone a member of a conspiracy.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not make her a conspirator.

It is important for you to note that Joan Reyes Santana's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as

---

[5]   Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶3A-1 (1993).

those of any other alleged co-conspirator, and the reasonable inferences which may be drawn from them.[6]

An individual may be found to be a part of a drug conspiracy even though he did not intend to, and did not, directly participate in actually distributing Heroin, and even though he did not know the precise extent of the enterprise.[7]  That is, it is not necessary that the government prove that each member of a conspiracy knew the names, identities or even the number of all of his confederates.  Nor does the government need to prove that each member of the conspiracy knew all of the details of the conspiracy.[8]  The government need not prove that Joan Reyes Santana committed the alleged acts so long as the government proves the three elements of the charge of conspiracy beyond a

---

[6] L. Sand, <u>Modern Federal Jury Instructions</u>, ¶19.01 (Ins. 19-6) (1994).

[7] <u>United States v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994) citing <u>United States v. Moosey</u>, 735 F.2d 633, 635-36 (1st Cir. 1984) (upholding conviction for conspiracy even though defendant personally had not intended to, and did not, participate in the underlying substantive offense of interstate trafficking).  <u>See also</u>, <u>United States v. Rivera-Santiago</u>, 872 F.2d 1073, 1079 (1st Cir.) (an individual could be found to be part of a conspiracy to possess and distribute cocaine even though he neither directly participated in interstate trafficking nor knew the precise extent of the enterprise.  The fact that he participated in one . . . link of the distribution chain, knowing it extended beyond his individual role, was sufficient).

[8] <u>Sepulveda</u>, 15 F.3d at 1173 ("in a criminal conspiracy, culpability may be constant though responsibilities are divided; the government does not need to show as a precursor to a finding of guilt that a given defendant took part in all aspects of the conspiracy.").

reasonable doubt.[9]  The government must prove, however, that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.[10]  If he did, then she may be charged with what others may have done in execution of those purposes.[11]

---

[9]  United States v. Dannenburg, 980 F.2d 741 (10th Cir. 1992) (numerous decisions recognize that a conspiracy conviction may be supported by evidence of predicate acts different from those alleged in the Indictment as long as no unreasonable surprise to defense); United States v. Bello-Perez, 977 F.2d 664, 669 (1st Cir. 1992) (although overt acts were gratuitously set forth in the Indictment, the government is not limited at trial to proof of the alleged over acts; nor is the Indictment rendered insufficient for failure to plead other overt acts).

[10]  Rivera-Santiago, 872 F.2d at 1079; United States v. Stubbert, 655 F.2d 453, 457 (1st Cir. 1981).

[11]  Rivera-Santiago, 872 F.2d at 1079; Angiulo, 847 F.2d at 969.

**PROPOSED INSTRUCTION: STAKE IN THE OUTCOME**

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocense is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the gambit of the conspiracy.

Moreover, a person may be found to be a member of a conspiracy whether or not he had a financial stake in the illegal venture.  Conspirators may have different motives for participating in a conspiracy.

**AUTHORITY:**  This instruction is adopted from: (1) an instruction given by Judge Keeton in <u>United States v. Forero-Diaz</u>, Criminal Number 88-110-K, pp. 29; and (2) L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §19-6 (1990).

**PROPOSED INSTRUCTION: METHOD OF PROVING KNOWLEDGE**

Your decision about whether Joan Reyes-Santana knew the essential purpose and aim of the conspiracy involves a decision about his state of mind.  It is difficult to prove directly the operation of the defendant's state of mind, but you may consider all the facts and circumstances shown by the evidence, and make reasonable inferences from the evidence, to determine the defendant's state of mind.

Adapted from L. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶56-01, Instr. 56-59 (1993).  Devitt & Blackmar, § 28.05; <u>U.S. v. Cintolo</u>, 818 F.2d 980, 1003 (1st Cir. 1987)(mere association not sufficient).

### PROPOSED INSTRUCTION: DURATION OF THE CONSPIRACY
### AND DRUG QUANTITY

If you determine that the defendant is guilty of conspiring to distribute heroin, you should indicate that fact on the verdict form that I have provided you and then turn your attention to the question of *when* the conspiracy was in existence and *whether* the amount of heroin it involved was at least 100 grams. As I am about to explain to you, if you find the defendant guilty of conspiring to distribute heroin as charged in Count One of the Indictment, you will then have to make three distinct determinations as to these issues.[12]

---

[12] The government is submitting the drug quantity instructions in light of <u>Blakely v. Washington</u> in order to avoid any issues on appeal. In <u>Derman v. United States</u>, 298 F.3d 34 (1st Cir. 2002) the court held that, in conspiracy cases in which drug quantity is alleged in an indictment, <u>Apprendi v. New Jersey</u> only requires the jury to make a determination as to whether the conspiracy *as a whole* involved the type and quantity of the drugs alleged. 298 F.3d at 43 ("The rule, then, is that the government need only allege and prove to the jury the bare facts necessary to increase the statutory sentencing maximum for the conspiracy as a whole (e.g., that the conspiracy involved at least 1,000 marijuana plants). This leaves for the Court at sentencing the question of whether this amount of drugs is attributable to the defendant under U.S.S.G. 2D1.1. <u>Id</u>. at 43 ("This means that once the jury has determined that the conspiracy involved a type and quantity of drugs sufficient to justify a sentence above the default statutory maximum and has found a particular defendant guilty of participation in the conspiracy, the judge lawfully may determine the drug quantity attributable to that defendant and sentence him accordingly (so long as the sentence falls within the statutory maximum made applicable by the jury's conspiracy-wide drug quantity determination"). <u>See also</u> <u>United States v. Eirby</u>, 262 F.3d 31, 37 (1st Cir.2001) (holding, post-Apprendi, that when a sentence falls within the statutory maximum, "judicial determination of drug quantity under a

preponderance-of-the-evidence standard remains a viable option");
United States v. Patterson, 292 F.3d 615, 623 (9th Cir.2002)
(upholding conviction based on jury finding that the defendant
was guilty of manufacturing 100 or more plants, although the jury
was not instructed to determine the exact amount).

Blakely has called the continuing viability of this law into
question. Although the government believes that Derman remains
good law and (if the defendant is convicted of any of the
charges) will ask the Court to make a final drug weight
determination at sentencing regardless of what drug quantity
determinations are made by the jury, the government is submitting
the instructions in order to eliminate the possibility of a
retrial if Blakely is ultimately extended to the federal
Sentencing guidelines.

**PROPOSED INSTRUCTION: DURATION OF THE CONSPIRACY**

Once a conspiracy is formed, it will continue as to each participant until it is either abandoned by its members, its purposes have been fully achieved,  or until the individual defendant withdraws.[13] Because of the secretive nature of criminal conspiracies, the law presumes that, once established, a criminal conspiracy continues.  This means that, if you determined all of the elements of conspiracy have been established by the government beyond a reasonable doubt, then you should presume that the conspiracy remained in existence and that the defendant remained a co-conspirator in it until at least January 20, 2004 (the date of the defendant's arrest) unless the defendant rebuts this presumption by producing evidence of an earlier termination or withdrawal.[14]

_____

[13] E.g., United States v. Salmonese, 352 F.3d 608, 615 (2d Cir. 2003) ("a conspiracy continues until its aim has been achieved, it has been abandoned, or otherwise terminated"); United States v. Roshko, 969 F.2d 1, 11 (2d Cir. 1992); United States v. Angle, 230 F.3d 113, 199 (4th Cir. 2000).  See generally Marcus, "Prosecution and Defense of Criminal conspiracy Cases," (Bender 2004) §4.05.

[14] United States v. May, 343 F.3d 1, 5 (1st Cir. 2003) ("this Court presumes conspiracies exist absent an affirmative showing of their termination"); United States v. Elwell, 984 F.2d 1289, 1293 (1st Cir.1993) ("[w]here a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated...."). See also United States v. Piper, 298 F.3d 47 (1st Cir. 2002)(where charged conspiracy involved three drug sales during 13 days, "it was plausible for the court to presume that the conspiracy continued to exist beyond the date of the last reported sale").  Although the arrest a co-

conspirator will not necessarily terminate the conspriacy
(see, e.g., United States v. Collazo-Aponte, 216 F.3d 163, 187 (1st
Cir. 2000), the government does not believe that there is any
reason for the court or the jury to examine this issue here.

**PROPOSED INSTRUCTION: TERMINATION OF CONSPIRACY**

**(If The Defendant Produces Some Evidence To Satisfy Each Element)[15]**

Once a conspiracy has been established involving a defendant, it is presumed to continue unless and until the defendant proves, by showing affirmative acts, that the conspiracy was terminated.[16] The burden is on the defendant to prove that the conspiracy terminated.[17] Mere cessation of activity or disagreement between the co-conspirators is not enough; some disagreement is to be expected in a group endeavor.[18]

---

[15]  United States v. Nason, 9 F.3d 155,161 (1st Cir. 1993), cert. denied, 510 U.S. 1207 (1994).

[16] Hyde v. United States, 225 U.S. 347, 369-70, 32 S.Ct. 793, 803, 56 L.Ed. 1114 (1912)

[17] United States v. Wentland, 582 F.2d 1022, 1025-26 (5th Cir.1978), cert. denied, 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979).

[18]  United States v. Dunn, 758 F.2d 30, 37-38 (1st Cir. 1985).

**PROPOSED INSTRUCTION: WITHDRAWAL FROM CONSPIRACY**

**(If The Defendant Produces Some Evidence To Satisfy Each Element)[19]**

Once a person joins a conspiracy, the person remains a member until he withdraws from it. To withdraw, a conspirator must take affirmative action to disavow or defeat the purpose of the conspiracy,[20] such as making a full confession to the authorities or affirmatively telling his co-conspirators that he has abandoned the conspiracy and its goals.[21] Again, mere cessation of activity or disagreement between the co-conspirators is not enough; some disagreement is to be expected in a group endeavor.[22]

---

[19] United States v. Nason, 9 F.3d 155,161 (1st Cir. 1993), cert. denied, 510 U.S. 1207 (1994).

[20] United States v. Juodakis, 834 F.2d 1099, 1102 (1st Cir. 1987)

[21] United States v. Munoz, 36 F.3d 1229, 1234 (1994), cert. denied, 513 U.S. 1779 (1995); United States v. Piva, 870 F.2d 753, 757 (1st Cir. 1989).

[22] United States v. Dunn, 758 F.2d 30, 37-38 (1st Cir. 1985).

**PROPOSED INSTRUCTION: DRUG WEIGHT FOR THE CONSPIRACY AS A WHOLE**

Based on the determinations you make regarding the duration of the conspiracy, you will then have to make two drug quantity findings.  The first drug-quantity issue you must consider is whether the total amount of heroin that was distributed by the conspiracy in this case exceeded 100 grams.  As I have told you, will only reach this issue if you conclude that Joan Reyes Santana is guilty of the crime charged in Count One of the Indictment.

Your conclusion regarding the amount of heroin attributable to the conspiracy in this case must be based on the evidence as a whole and the determination you have made regarding the duration of the conspiracy.  In determining this question you may consider any sales of heroin that the government has proven were made by members of the conspiracy during its existence as well as any additional sales which you believe the evidence shows that members of the conspiracy have made.  Although you may make this initial drug quantity determination based on either direct or circumstantial evidence, you must be convinced that the government has proven that the conspiracy involved at least 100 grams beyond a reasonable doubt.

Please indicate your conclusion on this first drug quantity issue on the space included in the jury verdict form that I have

38

provided you.


**AUTHORITY:** <u>Derman v. United States</u>, 298 F.3d 34, 39 (1st Cir. 2002); <u>Edwards v. United States</u>, 523 U.S. 511, 514 (1998); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>United States v. Collazo-Aponte</u>, 216 F.3d 163, 200 (1st Cir. 2000).

**PROPOSED INSTRUCTION:**
**DRUG WEIGHT ATTRIBUTABLE TO THE DEFENDANT**

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy alleged in the indictment involved at least 100 grams, you must then consider whether at least that amount is also attributable to Joan Reyes-Santana.

Your determination of how much of the heroin distributed by members of the conspiracy heroin is attriutable to the defendant in this case will be based on what you conclude was "reasonably forseeable" to him.[23] This will require you to calculate the amount of heroin that you conclude the defendant himself sold as a member of the conspiracy _and_ any additional amounts that may have been sold by other members of the conspiracy that the defendant could have reasonably have anticipated based on his involvement in the conspiracy and his understanding of its activities.[24]

---

[23] See U.S.S.G. § 1B1.3(a)(1)(B) (in cases involving "jointly undertaken criminal activity," each defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity ... that occurred during the commission of the offense of conviction."

[24] United States V. O'Campo, 973 F.2d 1015, 1026, n.11 (1st Cir. 1992) (Forseeability is "inherently fact-bound," and requires a sentencing court to make "individualized inquiry into the details of the conspiracy known by the specific... defendant and the implications of those details for that defendant's understanding of the foreseeable scope and objects of the joint enterprise he has joined"); United States v. Carey 2003 WL 329041, *6 (1st Cir. 2003) (defendant is responsible for all drugs he personally handled or he anticipated handling, and for

Based on these principles, you should determine the amount of heroin attributable to the defendant and indicate that amount on the verdict form that I have provided to you.

---

drugs involved in additional acts that were reasonably foreseeable by the defendant and were committed in furtherance of the conspiracy).

41

**PROPOSED INSTRUCTION: DISTRIBUTION OF HEROIN**

In Counts Two, Three, and Sixteen of the Indictment, Reyes-Santana is charged with distributing heroin on November 4, 2003, November 7, 2003, and January 12, 2004, respectively. It is against federal law to distribute, that is, to transfer heroin to another person. For you to find Reyes-Santana guilty of these crimes you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that Reyes-Santana, on the particular date alleged, transferred heroin to another person;

Second, that he knew that the substance was a controlled substance; and

Third, that Reyes-Santana acted intentionally, that is, that it was his conscious object to transfer the heroin to another person.

It is not necessary that the defendant have benfitted in any way from the transfer.

42

**PROPOSED INSTRUCTION:**

**ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

Over the course of the case, I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made

43

during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977).

L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9 (1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of."). Devitt and Blackmar, Federal Jury Practice and Instructions, §§14.13 (3d ed. 1977).

44

**PROPOSED INSTRUCTION: EXPERT WITNESS**


You have heard expert testimony from law enforcement agents regarding the significance of certain evidence or their understanding of certain terms used in this case.

An expert is allowed to express is or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions or reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶7-21 (1990). <u>E.g.</u>, <u>United States v. Castiello</u>, 915 F.2d 1, 4-5 (1st Cir. 1990) (DEA agent's testimony regarding meaningfulness of defendant's tape-recorded statements about prices helpful to jury and therefore proper); <u>United States v. Anguilo</u>, 847 F.2d 956, 975 (1st Cir. 1988) ("expert testimony of law enforcement

45

officials concerning practices of those engaged in organized criminal activity ... is often helpful to the fact finder"), cert. denied, 109 S. Ct. 314 (1989); United States v. Hoffman, 832 F.2d 1299, 1310 (1st Cir. 1987) (DEA agent may provide expert testimony regarding meaning of words used by drug traffickers when cryptically referring to cocaine); United States v. Hensel, 699 F.2d 18, 38 (1st Cir.) (DEA agent's testimony regarding methods of drug smugglers may assist trier of facts, citing, among other cases, United States v. Golden, 532 F.2d 1244, 1247-48 (9th Cir.) (DEA agent testifies about the price of drugs), cert. denied, 461 U.S. 958 (1983); United States v. Pugliese, 712 F.2d 1574, 1581-1582 (2nd Cir. 1983) (quantity and purity and cost of heroin used by addicts on street assisted jury in understanding the magnitude of a purchase of one ounce of heroin with the purity of 90 percent and thereby shed light on defendants' intent).

## Proposed Instruction

### Submitting the Indictment

I am sending a copy of the indictment into the jury room for you to have during your deliberations.  You may use it to read the crime which the defendant is charged with committing.  You are reminded, however, that the indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶9-4 (1990)

47

**PROPOSED INSTRUCTION: PUNISHMENT**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §9-1 (1990).

48

**PROPOSED INSTRUCTION:**

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

49

**PROPOSED INSTRUCTION:**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## PROPOSED INSTRUCTION

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

51

conviction as to the weight and effect of the evidence simply to

reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## PROPOSED INSTRUCTION:

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**PROPOSED INSTRUCTION:**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

54

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                                   )
            v.                     )    Cr. No. 04-10032 GAO
                                   )
JOAN REYES-SANTANA                 )

GOVERNMENT'S PROPOSED VERDICT FORM

1.  <u>Count 1</u>

1-1. As to Count 1 of the Indictment charging conspiracy to distribute heroin, we unanimously find Defendant Joan Reyes Santana:

_____  Guilty

_____  Not Guilty

(IF YOU FIND THE DEFENDANT GUILTY ON COUNT 1, PROCEED TO ANSWER QUESTIONS 1-2, 1-3, 1-4, and 1-5.  IF YOU FIND THE DEFENDANT NOT GUILTY ON COUNT 1, PROCEED DIRECTLY TO COUNT 2)

1-2.  Having found Defendant Joan Reyes Santana guilty as to Count 1 of the Indictment, we unanimously find that conspiracy had the following duration:

(a) the conspiracy was formed by at least:

_____.

(b) Joan Reyes Santana joined the conspiracy by at least:_____.

(c) The conspiracy continued to at least: _____.

55

(d) Joan Reyes Santana remained a member of the conspiracy until at least the following date: _____.

1-3. Having found Defendant Joan Reyes Santana guilty as to Count 1 of the Indictment, we unanimously find that the conspiracy involved the following amounts of heroin:

_____ the conspiracy DID involve at least 100 grams of heroin

_____ the conspiracy DID NOT involve at least 100 grams of heroin

1-4. Having found Defendant Joan Reyes Santana guilty as to Count 1 of the Indictment, we unanimously find that the following amounts of heroin distributed by the conspiracy were reasonably forseeable to Joan Reyes-Santana:

_____ at least 100 grams of heroin WAS reasonably forseeable to Joan Reyes-Santana

_____ at least 100 grams of heroin WAS NOT reasonably forseeable to Joan Reyes-Santana

1-5. If you conclude that Joan Reyes-Santana could not have reasonable forseen that at least 100 grams of heroin were distributed by members of the conspiracy charged in count 1 of the Indictment, please specify the amount that you unanimously

conclude he could have reasonably foreseen:

_____ grams of heroin were

reasonably foreseeable to Joan Reyes Santana.

(PLEASE PROCEED TO COUNT 2 REGARDLESS OF THE CONCLUSIONS REACHED
ON COUNT 1)

    2.  <u>COUNT 2</u>

    2-1.  As to Count 2 of the Indictment charging Defendant

Joan Reyes Santana with distributing heroin on November 4, 2003,

we unanimously find Defendant Joan Reyes Santana:

_____ Guilty

_____ Not Guilty

    (PLEASE PROCEED TO COUNT 3 REGARDLESS OF THE CONCLUSIONS
REACHED ON COUNTS 1 AND 2)

    3.  <u>COUNT 3</u>

    3-1. As to Count 3 of the Indictment charging Defendant Joan

Reyes Santana with distributing heroin on November 7, 2003, we

unanimously find Defendant Joan Reyes Santana:

_____ Guilty

_____ Not Guilty

    (PLEASE PROCEED TO COUNT 16 REGARDLESS OF THE CONCLUSIONS
REACHED ON COUNTS 1-3)

4.  <u>COUNT 16</u>

4-1.  As to Count 16 of the Indictment charging Defendant Joan Reyes Santana with distributing heroin on January 12, 2004, we unanimously find Defendant Joan Reyes Santana:

_____ Guilty


_____ Not Guilty


Signed this __ day of September, 2004.


_____
     **FOREPERSON**

58

## CERTIFICATE OF SERVICE

Suffolk, ss.                    Boston, Massachusetts


    I, John A. Wortmann, Jr., Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing Government's Request For Jury Instructions on all counsel of record.


_____

                                          John A. Wortmann, Jr.
                                    Assistant U.S. Attorney