```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA        )
                                )
        v.                      )    CRIMINAL NO. 04-10032-GAO
                                )
JOAN REYES-SANTANA              )

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Joan Reyes-Santana, hereby submits this sentencing memorandum to aid the Court in sentencing. For the reasons set forth below, the Court should reject the Probation Department's recommendations that (1) defendant's sentence be enhanced for obstruction of justice, and (2) that he be denied an adjustment for acceptance of responsibility. Defendant requests that the Court sentence him to a term of 60 months' imprisonment, a term within the resulting guidelines sentencing range of 60-63 months' imprisonment, to be followed by a four-year term of supervised release. Alternatively, the defendant submits that a sentence of 60 months is reasonable notwithstanding the guideline sentencing range calculated by the Probation Department.

**FACTS**

On September 8, 2004, defendant pled guilty to conspiracy and two substantive counts alleging heroin distribution. The plea was pursuant to a plea agreement whereby the defendant agreed to plead guilty to the counts in exchange for, inter alia, the government's agreement to withdraw a §851 information and its

recommendation of a 60 months sentence, the lowest permissible because of the statutory minimum and the resulting guideline sentencing range.

The Court ordered a presentence investigation. The Probation Department met with defendant, performed its calculation of the guideline sentencing range (60-63 months), and issued its draft Presentence Report ("PSR") on December 14, 2004. The defendant submitted objections unrelated to the calculation of the Guideline Sentencing Range. The government did not submit any objections to the draft PSR.

A little over one week before the sentencing hearing, counsel for the government contacted counsel for the defendant concerning the pending sentencing hearing. Counsel for the government alerted counsel for the defendant of his strong suspicion that defendant may not have used his true name and/or may not be a native of Puerto Rico as claimed. Counsel for the government suggested that if the defendant could resolve the issue expeditiously the government would be saved the trouble and expense of assigning resources to further investigate the defendant's identity. The government agreed that, if the defendant truthfully revealed a true name that was different than that previously claimed, it would not move for enhancements for obstruction of justice or that the defendant be denied an

acceptance of responsibility.

Counsel traveled to Plymouth County Correctional Facility the following evening to meet with the defendant.  The following day, counsel informed both the government and the Probation Office that the defendant would submit to an interview to disclose his true identity and citizenship status.  The defendant also filed, at the Probation Office's request, a joint motion to continue the sentencing hearing.  At the second presentence interview, the defendant admitted his true name and revealed that he was born in (and was a citizen of) the Dominican Republic.  In all other material respects defendant's personal background information remained the same.

The Probation Department issued a revised PSR to reflect the additional information.  The defendant has no criminal record under his true name.  The PSR recommends both that the defendant be denied acceptance of responsibility and that his sentence be enhanced for obstruction of justice as a result of claiming the false name and citizenship.

**ARGUMENT**

I.  DEFENDANT'S FALSE STATEMENT ABOUT HIS TRUE NAME AND CITIZENSHIP WERE NOT MATERIAL BECAUSE THEY WERE RECTIFIED BEFORE SENTENCING AND THEREFORE WILL NOT AFFECT THE OUTCOME OF HIS SENTENCING.

The defendant's actions in retracting his false statement about his true name and identity occurred in a manner timely enough for the government to avoid any investigation into the

issue and for the probation office to produce an accurate and complete PSR for the Court. In these circumstances, an obstruction of justice enhancement is not warranted. United States v. Cardona-Rivera, 64 F.3d 361, 365 (8th Cir. 1995).

In Cardona-Rivera, the defendant initially gave false names for his parents and a false country of origin to a Pretrial Services officer. He later recanted the statements, admitted that he was a native of Colombia, and provided correct names and addresses of his parents. All of this information was included in his final PSR. Despite the recantations, the district court imposed a two-level enhancement for obstruction of justice. Id. at 362-363.

The Eighth Circuit reversed. Id. at 365. The court held that the issue was whether the district court was accurately apprised of information that would bear on sentencing. Id., citing United States v. Yell, 18 F.3d 581, 585 (8th Cir. 1994). Because the defendant had retracted his statements, the false statements did not impede the investigation, and the final PSR contained the accurate information, the false statements made the defendant could not be considered material for obstruction of justice purposes. Id.

The instant matter is identical to Cardona-Rivera and Yell. Defendant's actions in correcting the false statements before sentencing make the obstruction of justice enhancement

-4-

unwarranted.  Because of the defendant's timely admissions, he faces incarceration at a medium security facility (rather than the low-security and halfway house placements afforded U.S. citizens) and certain deportation.  Given this voluntary disclosure of accurate information despite the adverse consequences, this Court should not impose an enhancement for obstruction of justice.

II.  DEFENDANT SHOULD NOT BE DENIED ACCEPTANCE OF RESPONSIBILITY BASED ON THE FALSE STATEMENTS.

The draft Presentence Report awarded defendant a three-level adjustment for acceptance of responsibility.  This award was made after and as a result of defendant's full and open admission in before the Court of his guilt to each and every one of the counts against him, as well as defendant's statements in the presentence interview.  In the final Presentence Report, however, the Probation Department <u>sua sponte</u> withdrew its three-point award based on defendant's false claims concerning his name and citizenship.  Defendant objects to the report's failure to award defendant a three level adjustment for acceptance of responsibility and submits, based on all of the circumstances of this case, that the three level adjustment is appropriate.

District courts have broad discretion to grant or deny a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, <u>comment</u>. (n.5).  <u>See</u> <u>United States v. Carrington</u>, 96 F.3d 1, 9 (1st Cir. 1996)(noting the sentencing court's unique opportunity

to evaluate acceptance of responsibility). Although the defendant's decision to attempt to continue to use the name and citizenship he had used since coming to the United States was serious, it does not rise to a level of criminality that courts have cited to deny acceptance of responsibility notwithstanding a guilty plea. See, e.g., Carrington, 96 F.3d at 9-10 (denial within discretion where new fraud which resulted in new counts in indictment committed while on release prior fraud). See also United States v. Olvera, 954 F.2d 788, 793 (2d Cir. 1992)(smuggling marijuana into jail while awaiting sentencing); United States v. Reed, 951 F.2d 97, 99-100 (6th Cir. 1991)(continued credit card fraud while in jail awaiting sentencing); United States v. Snyder, 913 F.2d 300, 305 (6th Cir. 1990)(used jail phone to continue drug dealing during pretrial detention); United States v. Sanchez, 893 F.2d 679, 681 (5th Cir. 1990)(firearms offense and drug use while on pretrial release). Moreover, the defendant's lack of judgment about his name and citizenship is far outweighed by the substantial indicia of cooperation and then acceptance that he manifested concerning the actual offense. See Carrington, 96 F.3d at 10 (court may balance and consider variety of factors when determining whether defendant has accepted responsibility). United States v. Saxena, 229 F.3d 1, 9 (1st Cir. 2000)(in considering the calculus under § 3E1.1, "actions often speak louder than words). This acceptance

was complete when, rather than requiring the government or the probation department to expend scarce resources, the defendant admitted his true name and citizenship despite the substantial adverse consequences that flowed from the admissions.

In short, in the entire context of his plea and subsequent actions, the defendant has fully and completely accepted responsibility for the offenses at issue and should not be denied the three level reduction because of the later corrected misjudgment in relying on a false name.

### III. 60 MONTHS IS A REASONABLE SENTENCE PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. 3553(a).

Under the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. _____ (2005), the sentencing guidelines no longer are binding on the court.  Instead, the court should look to 18 U.S.C. § 3553(a), and impose a sentence which is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2).  Those purposes are:

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct:
>
>   ©) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

<u>Id.</u>  In imposing sentence, the Court must consider all of the factors set forth in § 3553(a)(1)-(7).  While § 3553(a)(4) is the applicable guideline range and § 3553(a)(5) is the Commission's policy statements, these other factors play at least an equal role under the statutory scheme.  <u>See</u> <u>United States v. Hughes</u>, 2005 U.S. App. LEXIS 1189 at *10 (4TH Cir. January 24, 2005) (sentencing court must consider relevant factors set forth in §3553(a), as well as the prescribed guideline range, before imposing a sentence).

Defendant submits that, even if the Court denies acceptance of responsibility or enhances the guideline sentencing range for obstruction of justice, a sentence of 60 months is sufficient, but not greater than necessary, to effect the goals of 18 U.S.C. 3553(a).  Defendant is young and has never been previously incarcerated, faces a substantial sentence, release to immigration authorities, and certain deportation to the Dominican Republic.  All of his family, including a son, are there.  Return to the United States would be a violation of his supervised release and is therefore unattractive because of the substantial penalties he would face.  In contrast, he has a family to care for in the Dominican Republic who cannot afford to lose him as a provider again.  In these circumstances, a 60 months sentence will insure deterrence and that the public is protected.

```
                              JOAN REYES-SANTANA
                              By His Attorney,



                              /s/ Timothy Watkins
                              Timothy G. Watkins
                              Federal Defender Office
                              408 Atlantic Ave. 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```